# UNITED STATES DISTRICT COURT DISTRICT
## EASTERN DISTRICT COURT OF VIRGINIA
### (RICHMOND DIVISION)

------------------------------------

**Andrew Chien: Pro Se Plaintiff**　　　　**CIVIL ACTION NO:  3:21cv00501**
**-against-**
**Defendants: Edward A Robbins Jr.**
**Frederick G. Rockwell III**　　　　　　**July 31, 2020**
**Wendy Hughes; Karl S. Leonard**

------------------------------------

# COMPLAINT
Contents　　　　　　　　　　　　　　　　　　　　　　　　　　　Pages

Authorities ------------------------------------------------------------------------------------  2

I. Summary of Action --------------------------------------------------------------------------  5

II. Parties -------------------------------------------------------------------------------------  7

III. Jurisdiction and Venue -------------------------------------------------------------------  7

IV. Brief of The Case -------------------------------------------------------------------------  8

V. Standard and Argument-------------------------------------------------------------------- 17

　　Part 1. Following Instruction of Department of Justice to Judge RICO---------------------- 17

　　Part 2. Offenses of 18IUSC §1962(b)&(c)&(d) ----------------------------------------------- 20

　　Part 3. Allegations under Offenses of Constitution ----------------------------------- ----- 23

　　Part 4. VA Laws Prevented Any Acts of VA Debt Collection-------------------------------- 24

　　Part 5. Defendants are Principals of Conspiracy of RICO in Three Subject Errors----   25

　　Part 6. Aided Private Lawyers Offending 18USC §241& §242-------------------------------27

　　Part 7. Forged Stock Certificate Offended Unlawful Competition in Change of Control-- 28

VI. Causes of Action -------------------------------------------------------------------------- 30

VII. Relief ------------------------------------------------------------------------------------  35

# AUTHORITIES

## CASES

Doe v. United States Dept. of Justice, 753 F. 2d 1092, 1106 – D. C. Circuit ----------------------31

Ashelman v. Pope, 793 F. 2d 1072 - Court of Appeals, 9th Circuit (1986) ------------------------27

Bradley v. Fisher, 80 US 335 – 351-352, Supreme Court 1872 --------------------------------------27

Overview: False Imprisonment". Oxford Reference. Oxford University Press, 2017-11-07----- 28

Jerman v Carlisle et al., 130 S.Ct. 1605,1609 (2010) ================================ 29

Hill v. Borough of Kutztown, 455 F. 3d 225, 236 - 3rd Circuit 2006------------------------------ 31

Kalb v. Feuerstein, 308 U.S. 433, 438 (1940) =================================   8

Nat'l Ore, for Women. Inc, v Scheidler. 510 U.S. 249, 257-258, 259 (1994), Supreme Court---19

Pollice v. National Tax Funding, LP, 225 F. 3d 379, 406 (2000), 3rd Circuit===========   29

United States v. Cotton, 535 US 625 (2002), Supreme Court ---------------------------------------- 27

United States v. Shifman, 124 F.3d 31, 36 (1st Cir. 1997) ================================ 25

## U.S STATUTES, REGULATIONS AND RULES

First Amendment of Constitution   =================================================31, 33, 34

Amend IV, XIV ==================================================5, 6, 8, 10,14,23, 31, 32

17 CFR § 229.401(f) ============================================================ 30

15 USC §41, 15 USC §45, 15USC§45(m)(1)(C)   =================================28, 29

18USC §2 ===================================================================   25

18 USC §241 & §242 =========================================================== 27

18USC §513============================================================== 14

18USC §1028, §1028(a)(7) ==================================================== 13, 33, 34

18USC §1503=============================================================== 10

18USC §1350 ................................................ 9

18USC §1341 & §1343 ................................................ 10

18USC §1512, ................................................ 10. 21

18USC §1513(e) ................................................ 5,10,15,16,21,23. 31,32

18USC §1692, ................................................ 29, 30

18USC §1951 ................................................ 5, 11,12,15,16,21-25,32-34

18USC §1956, §1956(a)(1)(B)(ii), 18USC §1957 ................................ 12, 14. 21

18USC §1961 ................................................ 25

18USC §1962 ................................................ Passim

18USC §1965 ................................................ 7

28USC §157(b) ................................................ 26

28USC §1331; 28USC §1343(3); 28USC§1367 ................................ 7

42USC§1983 ................................................ 7

CRIMINAL RICO:18 U.S.C. §§1961-1968, A Manual For Federal Prosecutors ........ 17

Fair Debt Collection Practices Act ("FDCPA") ................................ 29

Federal Rules of Evidence, Rule 401(b) ................................ 17

Sec. 14 Proxy, Exchange Act of 1934 ................................ 12, 13. 28

Racketeer Influenced and Corrupt Organization ("RICO"), 18USC§§1961-1968 ...... Passim

Sarbanes-Oxley Act of 2002 ................................ 8, 31, 33

## VIRGINIA CODES

§ 8.01-243. ................................................ 23

§8.01-247.1 ................................................ 23. 24

§ 8.01-251. ................................................ 16

§ 8.01-428B ======================================================= 16

§8.01-507& 507.1 ================================================== 24

§8.01-509, §8.01-609 ============================================ 25

§ 8.01-612 ======================================================= 24

§ 8.01-617. §8.01-618.1 ======================================== 24, 25

§13.1-654.A ===================================================== 9

§13.1-655. A.1 =================================================== 9

§18.2-174 ======================================================= 25

§18.2-7 ======================================================= 14, 25

§18.2-59 ====================================================== 15, 26

§18.2-112.1. B ================================================== 15

§18.2-441 ====================================================== 25

§18.2-456, §18.2-457 ========================================== 14, 25

§ 19.2-5 ======================================================= 25

§19.2-129 ====================================================== 25

Offense Code: CON3210S9 ====================================== 14, 15, 30

## Nevada Revised Status

Nevada Revised Status 78.379 ==================================== 12

## I. Summary of Action

1. Plaintiff Andrew Chien ("Chien"), appearing as pro se, submits the complaint, following the facts and belief to allege acts of Racketeer Influenced and Corrupt Organization ("RICO"), 18USC§§1961-1968, as well as violating Amend IV and Amend XIV for due process and equal protection of law in damage of Chien's liberty (making Chien as Secret Inmate for 1148 days until 06/27/2016), and property (making Chien currently having negative tangible assets of $2.6 million with daily increased interests burden, offense of 18USC 1513(e)) plus damaging Chien self-employed business for living by wrongly occupied the professional belongings and assets of third parties in Chien's custody ("Commercial Assets") then created delay, barrier, obstruct and block of the moving of Commercial Assets (offense 18USC §1951) against defendants who operated VA Chesterfield County Circuit Court ("Chesterfield Count") as racketeering enterprise, defined by 18USC§1961(4).

Hon. Frederick G. Rockwell III ("Hon. Rockwell"), in Chien's cases CL. 12-485, 485(1), 485(2), under cheating of Richard J Freer ("Freer") and attorney Andrew K Clark ("Clark"), issued wrongly default judgment of $1.6 million plus 6% interest per annum, by fabricated evidence against Chien under excuse of defamation, which committed subject error to interrupt the interstate commerce of Commonwealth Biotechnologies Inc ("CBI")'s bankruptcy (offense 18USC§1961(1)(D)) by aided Freer and Clark to retaliate Chien's whistle-blower of Freer's embezzlements, (offenses 18USC §1513(e)).. The continued misconduct is that Hon. Rockwell repeated to reject Chien's motions dated 05/02/2013, 08/10/2015, and 2018 respectively to invalid his judgment. The latest one was on 7/12/2018, Hon. Rockwell issued an order under CL.12-485-02 to deny Chien's request to invalid his judgement on 08/09/2012 for case CL.12-485, with offense of 18USC §1962(d) of conspiracy, and due process of Amend XIV, because Chien submitted clear and convinced evidence in the motion, which can't be ignored.

5

The collection of the judgment debt has been active in CT Local Court (Connecticut Superior Court, Jurisdiction of New Haven) under case NNH-CV12-4053717-S which has exclusive jurisdiction over Chien's property from Article IV of Constitution. CT Local Court didn't find Chien having hidden assets, and awarded Freer cash from Chien's bank account. But Chien in CT, filed countersuits in both US Court and Local Court, which created resistance for Freer and Clark. Then they under excuse of VA Debt Collection, engaged another subject error and false imprisonment by  conspired with William K Grogan ("Grogan"), a private lawyer of William K Grogan & Associates, working as agency for Chesterfield Court under title of Commissioner in Chancery, to expand acts of RICO in VA for extortion and robbery under illegal incarceration in which defendant Sheriff Karl S. Leonard ("Leonard") joined from February of 2014, and Clerk Wendy Hughes ("Ms. Hughes") joined from September of 2014.

During the false imprisonment, Chien filed the counter suit under Case CL.15-1569 in Chesterfield Court to sue Grogan, Hughes and Judy L Worthington ("Worthington"), which was stayed. In 2021, Case CL.15-1569 becoming active, Hon. Edward A. Robbins Jr. ("Hon. Robbins"), current Chief Judge to replace former Chief Judge Timothy J. Hauler, issued order on 01/13/2021 to deny any wrongdoing of VA Debt Collection, which indicated Hon. Robbins will protect and support acts of RICO of Chesterfield Court together with Grogan, Clark and Freer.

2. There was same parties' case under case 3:21CV121 for declaration relief, in which none of defendants admitted any wrongdoing. That Case was denied on 07/14/2021 with order that RICO claim is not available in declaration relief, but that case didn't rule on the merits of claims under Amend IV and Amend XIV. Chien considers it is proper to raise a new case to the same party by changing the case into compensation damage relief for continuously disclosure of RICO in additional to Constitution, because this major fraud is to interrupt interstate commerce.

6

Although there are 4 years of time limitation for civil RICO case, but there is no time limitation to thoroughly find and solve the system error, to disclose the Predicates of defendants in acts to continue RICO of their owns or their precedents earlier. Here, Hon. Rockwell's subject error and adopting falsified evidence for case CL.12-485 in 2012, was original but carrying continuous of RICO for at least 20 years; and Hon. Robbins in Case 3:21CV121 to affirm what Grogan did represented Chesterfield Court, was endless of block of the movement of Commercial Assets, plus to invade Chien's civil right since 2013 till today. So far, Chien suffered huge loss, but never got any compensation relief yet. To ask defendants taking partial responsibility, is proper.

## II. Parties

3. Plaintiff Andrew Chien ("Chien"), a resident of CT, at 665 Ellsworth Avenue, New Haven, CT 06511. Tel: 203-5628899

Defendants: (a) Hon. Edward A. Robbins Jr., Chief Judge of Chesterfield Circuit Court,9500 Courthouse Road, Chesterfield, VA 23832-0125

(b) Frederick G. Rockwell III, Judge of Chesterfield Circuit Court,9500 Courthouse Road, Chesterfield, VA 23832-0125

(c) Wendy S Hughes, clerk of Chesterfield Circuit Court,9500 Courthouse Road, Chesterfield, VA 23832-0125; Tel: (804) 748-1241.

(d) Karl S. Leonard, Sheriff of Chesterfield County, 9500 Courthouse Road, Chesterfield, VA 23832; Tel: 804-748-1261.

## III. Jurisdiction

4. This court has subject matter over all defendants due to "28USC §1331", federal question, "28USC §1343(3)" and "42USC §1983" of Civil Right Violation, "28USC §1367" of supplemental jurisdiction; "18USC §1965(b)" of special jurisdiction under RICO, not only

7

covered acts in VA, but also covered events happened nationally including Connecticut ("CT"), and Florida where Island Stock Transfer locates ("Island"), and Wall St where the stock of China Bull Management Inc (ticker: "CHBM"), was qualified for publicly traded. From securities laws, CHBM needs to keep consistently legality of issuance shares following the state and federal securities laws, and timely submit publicly accurately financial statements, which Chien has fiduciary duty to do, but violated by defendants.

The Court has personal jurisdiction over defendants, because they have regular business in VA. The venue is proper due to Local Rule 3(B)(4).

5. This complaint has *no intention to change any orders* made by Hon. Rockwell or Hon. Robbins. But this court has *no barrier* by federal laws, *to point the fraud* of these orders which aiding and abetting acts of RICO, and violating Amend IV & XIV of Constitution.

For example, Hon. Rockwell in Case CL12-485, interrupted CBI Bankruptcy and committed subject error. In Case: Kalb v. Feuerstein, 308 U.S. 433, 438 (1940), Supreme Court

"The *action of the state court* in this case in proceeding contrariwise, *without the consent of the bankruptcy court,* was not merely erroneous, but was *in excess of its authority, void, and subject to collateral attack.* " (emphases added)

### IV. Brief of the Case

6. The earliest confliction between Chien and Freer, Clark, initiated from Chapter 11 of CBI on 01/10/2011, in which Freer was the only operating director, and Chien was whistle-blower to expose Freer himself and sometimes with Clark together to embezzle the cash of CBI. The first one of Freer;s embezzlements was he filed "Schedule Summary" on 02/03/2011 to falsify claim CBI owed him the unpaid option and 2010 compensation. For the embezzlements, Freer abandoned the auditing financial statements for year 2009 and 2010 as required by Sarbanes-Oxley Act of 2002. Also, Freer rejected calling CBI shareholder meeting for 2010, because CBI

8

Chairman Bill Gao wanted to suspend payment of Freer as proposals of vote in the meeting. But Securities Exchange Commission ("SEC') on 01/14/2011 approved CBI's Chairman proposal in SEC letter to Freer's lawyer Bradley Haneberg. Then CBI Chairman contracted Chien to make SEC filing and call the meeting following by-laws of CBI, and VA Code "§13.1-654.A" specified to elect director annually, and VA Code "§13.1-655. A.1" specified Chairman directly calls shareholder meeting.

.      Chien aided CBI Chairman to file proxy, and 8-K dated 03/09/2011 and 03/11/2011 respectively, with allegation that Freer's "Schedule Summary" not being authorized, and hired outside independent, professional service company Broadridge to manage the vote, with 98% voted shares supported CBI Chairman. But finally, Freer at Bradley Haneberg, contacted Broadridge to cancel the shareholder meeting. However, under pressure of SEC and the shareholder meeting, Freer managed the financial auditing, then on 05/04/2011, Freer filed CBI 10-K for year 2010 and 2009 with 2010 compensation of $124,515 fully paid, and the standing option was valueless because of the share price sharply dropped over 99% around Chapter 11. The 10-K form was certified by Freer under criminal penalty of 18USC §1350.

Despite of the audited results. Freer wanted to continue the embezzlement with "Schedule Summary". But the payment was delayed to April of 2013, waiting the sale of assets and priority payment of creditors. Chien periodically attended the hearing of CBI, created threat to Freer unfinished embezzlements. For purpose of suppressing Chien, in February of 2012, Freer at his attorney Clark and others in Chesterfield Court, filed complaint uncase CL.12-485 to continue fabricating his 2010 unpaid compensation story and under excuse of defamations to attack Chien's whistle-blowers such as doubtfully question of Freer's 2010 compensation in CBI §341 meeting, and filing of 8-Ks dated 03/09/2011 and 03/11/2011.

9

7. In case CL.12-485, there was damage hearing on 7/30/2012. Clark first submitted

documents to identify Freer's CBI salary in 2010 was $124,515, and fully paid.

Exh. 17. Freer's CBI compensation table from year 2003 to 2011 (not to July 15, 2012) with record that Freer's compensation in 2010 was $124,515 only, fully paid.

Exh. 20. CBI 10-K for year 2011 which reported Freer in 2010 had compensation of $124,515 fully paid.

Due to Exhibits 17 & 20, the defamation accuse was hard to stand. Then Clark for over 10 hours

of legal time, began to add another compensation table Exh, 27 to fabricate Freer's 2010 salary

Exh. 27. Freer's CBI compensation table for year 2003 to July 15, 2012 with record that Freer's compensation in 2010 was $222,096.70 with unpaid of $97,581.70.

On the damage trial, Exh. 27 was projected onto the big screen to demonstrate Chien's defaming,

while Clark never mentioned Exh. 17, and Exh. 20 of audited financial statement. (Note: Exh. 27

also filed in this court on 12/26/2013 in Case 3:12CV00540 to oppose Chien's appeal).

Submitting fabricated evidence documents in the court and used by the court, is the mail

fraud and wire fraud (email fraud is wire fraud) with offenses of 18USC §1341 & §1343, as well

as offense of obstruction of justice 18USC§1503. Hon. Rockwell engaged the court fraud, under

subject error used the fabricated documents to favor Freer, which created the unjust-enrichment

for Freer, and unjust-poor for Chien, violated due process of Amend XIV.

8. Despite that since 09/26/2012, Freer, at Clark and others, initiated active debt collection in

CT Local Court, Grogan in conspiracy with Clark and Freer, initiated VA debt collection by

illegal incarceration for about 38 months until 6/27/2016, without criminal procedure, offenses of

"18USC §1512" and "18USC §1513" to suppress Chien's multi countersuits and appeals. During

the incarceration period, there were two shipments of the Commercial Assets from CT Chien's

office to VA Grogan office. First shipment was in September of 2014, the shipped materials

occupied 8 bankers of boxes. These documents except Chien's original stock certificate of

10

CHBM, included about 50 stock certificates of shareholders in CHBM, USChina Venture III, and others; non-parties shareholders' brokerage information; foreigner tax identifications; nearly a hundred of files to answer SEC comments for about ten companies; various corporation registrations, officers and shareholders' information (Confidential); all bank wire information; the bank information of non-parties companies (Confidential); The business contracts of Chien's self-employment; Offshore company registrations (Confidential), and offshore contact information of lawyers and governments, plus a laptop computer. The second shipment in December of 2015 including two desk computers, with one installed the professional software, served for SEC filings, and several clients information, one client has information of over one thousand shareholders and their personal identification numbers (Confidential). After all items arrived to VA, Chien was never noticed to see items. Till today, there is no list, no penny payment, no return, offenses of "18USC §1951" as well as "18USC §1962(c)&(d)".

"18USC §1951 - Interference with commerce by threats or violence
 (a) Whoever in any way or degree *obstructs*, *delays*, or *affects* commerce or the *movement of any article* or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section, ... (b) As used in this section—

(1) The term "*robbery* " means the unlawful taking or obtaining of personal property from the person ....

(2) The term *"extortion*" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." (Emphases added)

The VA debt collection was an interstate commerce because Chien is CT resident and the commercial properties shipped from CT to VA. Also, the stock certificates and assets of CHBM and others are goods or tool for interstate commerce. The offense of the interruption of interstate commerce including obstruction, delay and conspiracy to affect the movement of any article by robbery and extortion. For example, if the wrongly occupied Commercial Assets had not

11

happened. the missed about 50 stock certificates would have traded, or deposited in brokerage firms or the headquarter of CHBM corporation, and two foreigner tax identifications would have showed the IRS or other accountants etc. Therefore, the allegation of 18USC§1951 isn't isolated events, but a time-tied continuous events until today. Hon. Robbins should follow law to administer Grogan to list, then to return Commercial Assets to Chien, but he did contrarily.

9. (A) During the incarceration period, Grogan made secret order to Island for making forged stock Certificate of CHBM with 88% of total outstanding shares, for Freer to replace Chien on 2/18/2014 ("2/18/2014 Order"), by violating Securities Act of 1933, which specified that the authority of issuance shares isn't the stock transfer agency which only has duty to keep shareholder records accurate, but is the corporation with compliance of the federal law and state law where the corporation had registration.  At that time, CHBM had Nevada registration, and Nevada Revised Status 78.379 with protection, specified that minority shareholders make decision to reject or accept the change of corporation control. 2/18/2014 Order was secret without motion procedure, with term not to serve Chien until the job completed, offense of 18USC §1961(1)(D) with illegal sale of securities. But 2/18/2014 Order was wrongly certified by former clerk Worthington as the Court order, then Grogan, Freer in conspiracy with Island, obtained the forged one on 09/26/2014 to replace Chien's original one after the first Commercial Assets shipment to VA. Further, Freer fabricated that he became director and president to control CHBM without proxy filing to SEC without notice to Secretary Li and other shareholders, which violated Sec. 14 Proxy of Exchange Act of 1934. Under falsified officer position, Freer stole the cash of CHBM on 11/26/2014 and distributed the cash for Grogan and Clark with offense of 18USC §1956 &1957". Since CHBM isn't a party of litigation. None of any VA State Courts, has the subject -matter jurisdiction to change the control of CHBM. To use falsified documents

to change the corporation control was offense of 18USC §1028 (relating to fraud and related activity in connection with identification documents) as act of RICO defined in "18USC §1961(1)(B)".

(B) After Chien released, CHBM had proxy dated 07/07/2016 with Secretary Mr. Li signed the meeting notice, and 8-K dated 07/11/2017 filings in SEC respectively, to report the shareholder meeting results with 100% voted shares (not including 88 % of disputed shares) voted to elect Chien as director, and rejected Freer as control shareholder. Nine shareholders wrote declarations with public notary to announce their votes genuine, and wanted Freer returned their stock certificates to CT.  Later, Chien on behalf of CHBM, filed 10-Q and 10-K for year 2014 and 2015 to report that the corporation cash stolen, which caused panic of Freer. Then Freer on 12/01/2016 in VA, made a registration with same name of China Bull Management Inc.("VA-CHBM") with claim that VA-CHBM replaced CHBM.

By using Grogan's orders, Freer solicited SEC employee Denis B. Morris who affirmed Freer replacing Chien to make SEC filing. Then, Freer on 02/15/2018 filed 8-K to announce him as president of CHBM, and Chien's filings not accurate. But he never files any financial statements till today. Freer at minimum, missed proxy filing, and periodic financial statements for 20 times, with 20 times of violation of Exchange Act of 1934. Due to no financial statement, Market Makers don't like to support the stock trading, and a lot of brokerage firms prohibited the customers to buy such stocks, which caused the trading status revoked on 9/25/2018. All shares lost the intellectual value and CHBM lost access to the capital market, which created Chien's fiduciary liability.

When Form 10-K or 10-Q filed, the President or CEO must make certificate to guarantee the truth and accuracy. Any materially false statement will face up to $1 million penalty and up to 10

years imprisonment due to "18USC §1350". This is why Freer intendedly escaped filings. That Freer missed to file 10-Q and 10-K is to violate "18USC §1956(a)(1)(B)(ii) to avoid a transaction reporting requirement under State or Federal law," a current act of RICO.

18USC §1028 has section (a)(7):
"(a) (7) *knowingly transfers, possesses*, or *uses*, without lawful authority, *a means of identification of another person* with the intent to commit, or *to aid or abet*, or in connection with, any *unlawful activity that constitutes a violation of Federal law*, or that constitutes a felony under any applicable State or local law; or" (emphases added)"

Defendants Ms. Hughes and Hon. Robbins offended "18USC §1028(a)(7)" by recently officially affirmed "02/18/2014 Order" as the order of Chesterfield Court, and wanted to keep it intact.

Freer's stock is forged defined by "18USC§513(c)(2)", and to possess it offended "18USC §513(b)", Defendants Ms. Hughes and Hon. Robbins currently 'uttered" Freer's stock certificate, with violation of "18USC§513(a)".

10. There are regulations to limit the illegal incarceration.

(A) According to due process of Amend XIV, and VA law of speedy trial, it violated civil right for any person without conviction after arrested over 3 days, needless to say for 1148 days.

(B) There is a net-work of the offense system installed among the Court, jail facility and office of sheriff to control the criminal procedure, any incarceration period should match an offense code. In Grogan's orders, the incarceration reasons are "civil contempt". There is no offense code for 'civil contempt", because VA Code "§18.2-7 Criminal act not to merge civil remedy". In Chien's records, the clerks and sheriffs intentionally misused the wrong offense code: CON3210S9, which is court contempt by a judge (not Commissioner in Chancery) under punishment of VA Code "§18.2-456" and "§18.2-457" with maximum penalty of $250 or ten days in jail if without jury impaneled.

(C) There is strict accounting procedure to pay security costs of about $30,000 per year for

14

inmates. Under the standard procedure, for incarcerating over 12 months, the VA State will pay

over 50%, Chesterfield County will pay about 42%, while the other will be paid by federal

programs. The payment procedure has done based on the jail records under offense code,

affirmed and signed monthly by Sheriffs, and Clerks. In Chien case, the costs payment came

100% from Chesterfield County for criminal system fund, offense of Wrong Appropriated Public

Assets, VA Code "§18.2-112.1. B", which specified that "the value of such use exceeds $1,000

in any 12-month period, is guilty of a Class 4 felony for any full-time officer, and agent." The

jail payment is monthly made, therefore Ms. Hughes and Mr. Leonard for dozens of times,

violated VA Code "§18.2-112.1. B", pattern of RICO, offenses "§18.2-22(a)(2)" of conspiracy,

and "§18.2-59 Extortion" to aid embezzlements by executing false imprisonment.

(D) In case 3:21CV121, both Leonard and Ms. Hughes denied any wrongdoing by using

minor offense code CON3210S9 to incarcerate Chien for about 38 months, which means they

continued offense of "18USC §1962(d)" of conspiracy.

11. Chien was a secret inmate. There are no public records of Chien's arrests and

incarceration, such as VA Police Records, VA Department of Corrections, FBI etc. If you

through search engine of public records: www.truthfinder.com; instantcheckmate.com;

www.publicrecordsOfficial.com, seekverify.com etc., you will not find any records of Chien

ever being arrested or imprisoned. On 6/28/2016 the next day after Chien released, Chien visited

Richmond Office of FBI, the employees of FBI told Chien there was no records of Chien being

ever arrested or imprisoned in VA.

12. Offenses of 18USC §1951 and 18USC §1513(e) since 2012 till today

18USC §1513 Retaliation
"(e)Whoever knowingly, with the intent to retaliate, take *any action harmful* to any person,
including *interference* with the lawful employment or *livelihood of any person*, for

15

> providing to a law enforcement officer any truthful information relating to the commission or possible commission of *any Federal offense*" (emphasis added)

This offense ranged from 2012 till today for nine years. Chien is self-employed with major income from running service of private company going into public for either SEC filings or reverse merger.by operating the Commercial Assets. The continuous debt collection with about nine-years history, and about 38 months of illegal incarceration, plus Chien lost control of CHBM, and no movement of the Commercial Assets, offense of 18USC §1951, have significantly damaged Chien's assets, income, daily-life and the reputation and qualification to continue running his business, offense of 18USC §1513(e).

13. In July of 2018, umber case CL 12-485, Chien submitted

> "Motions for (1) to Invalid Final Judgment Dated 8/9/2012 from §8.01-428(D)Because of (a)Subject error (b)Perjured Evidence (c)False imprisonment (d)Perjured Stock Certificate and Stole Third-Party Cash; (2) Counterclaims from §16.1-88.01".

In this motion, Chien submitted the evidence documents of CBI filed Debtor's Amend Plan of Reorganization ("Reorganization Plan") (source: Case 11-30381-KRH, Doc. 291, Filed on 01/04/2013, 13:12:27, total 31 pages), which has clear words that U.S. Bankruptcy Court fully considered Freer's compensation claim under dominated and exclusive jurisdiction. Also, the fraud evidence Exh.27 was in archive of Case 12-485. Hon. Rockwell had no problem to identify his court fraud, deceived by Freer and Clark.  But, on 07/12/2018, Hon. Rockwell ordered to reject Chien's Motion because of no jurisdiction. As long as the judgment debt exists, Chien consistently lives under unjust-poverty, Chien's business suffered damage or ruin by the debt collection. Because the judgment debt has 20 years effective, and may extend additional 20 years if judgment creditor can pass the additional court procedure from VA Code "§ 8.01-251. Limitations on enforcement of judgments."

14. In the reopening of Case Cl.15-1569, Ms. Hughes wanted to eliminate the document of

that case. Chien objected and wanted to correct previous judgment error to affirm Hughes

violating Chien's civil right. Also, Chien filed Motion asked Ms. Hughes to correct the previous

wrong certification made by former clerk Worthington on Grogan's 2/18/2014 Order. But Ms.

Hughes rejected, and Hon. Robbins issued order on 01/13/2021 denied Chien's two pleadings,

and denied any wrongdoing. Hon. Robbins didn't cite any of a dozen of VA laws which Grogan

violated, by gross-negligence and reckless of his dominated and fundamental job duty in

administration of the court's operation. On the contrary, he claimed that all of Chien's suits are

frivolous by a list of the failures of Chien's previous cases in VA State Courts and Federal

Courts of VA and CT. Further Hon. Robbins gives bias and sanction to limit Chien's access to

Chesterfield Circuit Court except to hire a counsel. In Case 3:21CV121, he reaffirmed Grogan

acted on behalf of Chesterfield Court.

15. Hon. Robbins misused evidence of the failures of Chien's previous cases. The Federal

Rules of Evidence required to find relevant facts.

Rule 401. Test for Relevant Evidence
(b) *the fact is of consequence in determining the action* (emphases added).

The consequence of Chien's incarceration is debt collection, not the result of the failures of

Chien's previous cases. Chien was never sued by VA Government. On the contrary, it is the

illegal incarceration caused Chien's countersuits and appeals. The failed previous cases including

3:21CV121, showed the importance and difficulty to resolve acts of RICO of Chesterfield Court.

## V. Standard and Argument

### Part 1. Following Instruction of Department of Justice to Judge RICO

16. For properly allegation of RICO, there is guidance in website of Department of Justice
(Link:www.justice.gov/archives/usam/file/870856/download):

CRIMINAL RICO:18 U.S.C. §§1961-1968, A Manual For Federal Prosecutors, Sixth
Revised Edition May 2016, Prepared by the Staff of the Organized Crime and Gang
Section, U.S. Department of Justice, Washington, D.C. 20005. ("Manual")

Even this case is civil, the elements of violation are the same as criminal case, except the quality of evidence, is above, or at preponderance.

(A) The corruption cases in RICO's definition of enterprise, are broadly (p.70-p75, Manual):

"includes governmental units such as the offices of governors, mayors, state and congressional legislators,[76] courts and judicial offices,[77] police departments and sheriffs' offices..." (tops p.72, *id*)

However, the government unit always is innocent, which means it will consistently hold the law, while the employees engaged corruption in their personal capacity against law. Here, Chesterfield Court is innocent which will follow Constitution and VA law to oppose RICO, while the defendants violated the law, and being alleged in their personal capacities.

(B) The Manual listed (p.75, *id*) "a RICO enterprise may consist of an association-in-fact of legal entities as well as an association of legal entities and individuals". In this case, defendants of Chesterfield Court with Grogan, Clark and Freer together consisted of an association-in-fact RICO enterprise.

(C) The Manual listed (p. 82, *id*) every member of the enterprise, not necessarily knew about all activities:

> Moreover, it is not necessary to prove "that every member of the enterprise participated in or knew about all its activities." United States v. Cagnina, 697 F.2d 915, 922 (11th Cir. 1983). Accord United States v. Hewes, 729 F.2d 1302, 1310-11 (11th Cir. 1984); United States v. Rastelli, 870 F.2d 822, 827-28 (2d Cir. 1989). Rather, "it is sufficient that the defendant knows the general nature of the enterprise and know that the enterprise extends beyond his individual role." Rastelli, 870 F.2d at 828.[91]

Here, Hon. Rockwell doesn't need to know detail of CT debt collection, and Ms. Hughes and Hon. Robbins don't need to know what Freer did in registration of VA-CHBM and SEC filing of 8-K dated 2/15/2018. But they are still liable.

(D) The Manual (p.101-p.103, *id*), showed "Profit-Seeking Motive Is Not Required". RICO

act may not involve money as long as this action is RICO criminal as defined in "18USC

§1961". In Nat'l Ore, for Women. Inc, v Scheidler. 510 U.S. 249, 257-258, 259 (1994),

Supreme Court held that:

> The phrase "any enterprise engaged in, or the activities of which affect, interstate or foreign commerce" comes the closest of any language in subsection (c) to suggesting a need for an economic motive. Arguably an enterprise engaged in interstate or foreign commerce would have a profit-seeking motive, but the language in § 1962(c) does not stop there; it includes enterprises whose activities "affect" interstate or foreign commerce. Webster's Third New International Dictionary 35 (1969) defines "affect" as "to have a detrimental influence on—used especially in the phrase *affecting commerce.*" An enterprise surely can have a detrimental influence on interstate or foreign commerce without having its own profit-seeking motives.
> ......
> By contrast, the "enterprise" in subsection (c) connotes generally the vehicle through which the unlawful pattern of racketeering activity is committed, rather than the victim of that activity. Subsection (c) makes it unlawful for "any person employed by or associated with any enterprise... to conduct or participate . . . in the conduct of such enterprise's affairs through a pattern of racketeering activity...." Consequently, since the enterprise in subsection (c) is not being acquired, it need not have a property interest that can be acquired nor an economic motive for engaging in illegal activity; it need only be an association in fact that engages in a pattern of racketeering activity.[5] Nothing in subsections (a) and (b) directs us to a contrary conclusion.

Here, all defendants would have no direct economy benefits from RICO, but they still have

liability, because they aided and abetted RICO of Grogan, Clark and Freer.

(E) Regarding Pattern of Racketeering Activity, Manual (p.110-113, *id*), is with emphases

on continuity, "which is one of the most important in the RICO statute because it defines a key

element of each substantive RICO offense under Section 1962" (middle of p.110 *id*),

> In Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985), the Supreme Court stated that the RICO pattern element required more than merely proving two predicate acts of racketeering. The Court pointed to RICO legislative history indicating that the RICO pattern was not designed to cover merely sporadic or isolated unlawful activity, but rather was intended to cover racketeering activity that demonstrated some "relationship" and "the threat of continuing [unlawful] activity." Id. at 496 n.14. Accordingly, the Supreme Court ruled that proof of such "continuity plus relationship" was required to establish a RICO pattern in addition to proof of two acts of racketeering. (A18 or p.111, *id*)
> .....
> "Continuity" is both a closed - and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future

with a threat of repetition. . .. It is, in either case, centrally a temporal concept and particularly so in the RICO context, where what must be continuous, RICO's predicate acts or offenses, and the relationship these predicates must bear one to another, are distinct requirements. A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time. Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct. Often a RICO action will be brought before continuity can be established in this way. In such cases, liability depends on whether the threat of continuity is demonstrated. [emphasis in original] (bottom A19 -A20, or p.112-113, *id*)

The Manual (p.119, *id*) instructs of how to find the continuity of RICO in closed-end period, or under short-lived events with open-end racketeering activity, ***either implicit*** or explicit.

"4 The Requisite Continuity Also May Be Proven in Several Ways
> A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time....

> A RICO pattern may surely be established if the related predicates themselves involve a distinct threat of long-term racketeering activity, either implicit or explicit.

> H.J. Inc.'s second alternative means to establish continuity is referred to as "open-ended" continuity. Courts have found such "open-ended" continuity where the racketeering activity, even if short-lived, poses a threat of continuing unlawful activity.[124]

Here, Hon. Rockwell judgment on 08/21/2012 was an event of a short-lived and closed-end act of RICO, but the associated past, current and future debt collections in CT or VA, plus the 6% interests per annum, are open-end of RICO. To make forged stock certificate for Freer, was a short-lived and closed-end act, but the implicit or explicit consequences of false corporation identity and escaped dozens of SEC filings of financial statements and the revoke of public trading, are open-end RICO. The two shipments of Commercial Assets were short-lived events, but the wrongly occupied commercial assets for third parries caused delayed and obstruct of the movement of the interstate goods, are open-end RICO.

## Part 2.   Offenses of 18IUSC §1962(b)&(c)&(d)

17. 18USC§1962(b) states:

"(b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, *interstate* or foreign *commerce*." (Emphasis added).

This is regarding through acts of RICO to get illegal control of another enterprises- CHBM.

CHBM's business and share trading are interstate commerce. *CHBM isn't a party of any*

*litigation. CHBM has no asset or business activities in VA. None of any VA Courts has the*

*jurisdiction to change the control of CHBM.* After the illegal control, under offenses of 18USC

§1956 and 18USC §1951, CHBM lost all cash and equipment and software, business, and the

company lost the access to capital market on 9/25/2018, created Chien's fiduciary liability.

18. 18USC §1962(c) states:

"It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

This is regarding predicates at the operation of the RICO enterprises which is Chesterfield Court. The pattern of multi-times of interruption of CBI's Chapter 11 included Hon. Rockwell's court fraud order over Case CL12-485, the twice arrests of Chien after Chien attending the hearings of CBI. In the hearing dated 05/08/2013, Chien verbally in front of Freer and Clark, objected CBI paying Freer's personal legal fee about $35,000. Judge Hon. Huennekens told Chien that the objection must be in writing. The deadline was 05/20/2013. Then after the hearing, Chien was arrested treated by Grogan in the jail as solitary confining for 72 hours with no reading and writing to damage Chien's memory. After the 72 hours, Chien was not allowed to access the documents accompanying with him before, to prevent Chien from writing and submitting a writing objection. Significant offenses of "18USC §1512" and "18USC §1513(e)".

21

Additionally, Grogan is a private lawyer, but. was impersonating as a judge on 5/7/2014 to sign an order of indefinite incarceration for his personal income and stealing assets of third parties. Clerks and Sheriffs executed Grogan's orders without publicly approval of any judge. The arrest and incarceration procedure are in violation of Amend IV and XIV of the constitution. But Hon. Robbins affirmed Grogan acts no error, with implication which might happen again, is pattern of RICO.

The pattern also included debt collection in both VA and CT. Although the illegal incarceration in VA temporally paused, the offenses of 18USC §1951 of no movement of Commercial Assets still is going on, and CT debt collection is going on, Chien's unpaid interests of judgment-debt increased for over $427 per day going on, Offense of 18USC §1962(c) has been current under protection of Hon. Rockwell and Hon. Robbins.

19. "18USC §1962(d)" conspiracy claim based on acts of §1962(b) &(c) under conspiracy. Here, Chien was a secret inmate. Grogan order and former clerk Worthington's certification on 2/18/2014, were secret. There was no motion procedure to issue Grogan's orders, no fairness and no transparency. There was no list, no a penny payment, no return after to ship eight boxes of documents. three computers from CT to Grogan's office, and the receivership was secret.

Hon. Rockwell rejected to admit his court fraud, has been conspiracy to aid and abet acts of RICO of Grogan, Freer and Clark with offenses of 18USC §1962(b)&(c).

Hon. Robbins affirmed Grogan's acts as Chesterfield operation, offend 18USC §1962(d)

Fraudulent concealment is an element of conspiracy. Ms. Hughes wanted to delete her past records of engaging illegal incarceration, is a new step of conspiracy.

In Case 3:12CV121, all defendants by using various excuses, denied their wrongdoings, are conspiracy of concealment for obstructive of justice.

22

The end of conspiracy is to reach the end of target. The targets are offense of 18USC §1513(e) to retaliate, and 18USC§1951 to obstruct and block the movement of Chien's interstate commercial business, which haven't completed yet.

### Part 3. Allegations under Offenses of Constitution

20. In VA, there is no time limitation to raise subject error and court fraud. However, when this issue raised in federal court, it must consider the time of latest event within the time bar.

(A) Hon Rockwell's subject error and adopted the fabricated evidence, over Case CL.12-485 caused Chien currently has negative tangible assets of $2.6 million which violated dure process of Amend XIV. To allege due process causing property damage, there is five years limitation from VA Code "§8.01-243(B)". This case is proper to attack his order dated 7/12/2018 and his denial of wrongdoing in Case 3:21CV121, on 4/15/2021.

(B) Hughes and Hon. Robbins in January of 2021, rejected to invalid 2/18/2014 Order of Grogan under subject error with court fraud, can be treated as general tort, having two years' time limitation within VA Code §8.01-243(A), which violated dure process of Amend XIV.

(C) As the president of a stock public traded company, Chien is a public figure. Chien suffered reputation damage of the jail offense code under First Amendment of Constitution, which has one year limitation from "§8.01-247.1". The jail records also violated due process of Amend XIV, because Chien is self-employed and the reputation damage directly negatively affecting the capital market to purchase shares of CHBM with damage to Chien's business for income and living, which can be treated as general tort, having two years' time limitation within VA Code §8.01-243(A). Defendants Leonard and Hughes affirmed their misused offense codes in Chien's jail records in Case 3:21CV 121 in April of 2021, created their liabilities.

(D) The wrong occupied Chien's professional belongings and assets of non-parties, should

be treated as the "receivership goods' in debt collection process, regulated by "VA Code § 8.01-617. Settlement of accounts of special receivers and special commissioners" which has four-month time limitation to make report." But so far, Chien didn't receive any copy of the report. The law requires Chesterfield Court taking action to current Grogan's offense of 18USC §1951, then to recover the movement of the Commercial Assets. But on the contrary, Hon. Robbins affirmed Grogan working legal, represented the Chesterfield Court, in 2021 twice in his January order and Case 3:21CV121 respectively, which created administrative error, this is tort claim of violation of the due process, with two years' time bar.

### Part 4.  VA Laws Prevented Any Acts of VA Debt Collection

21. Hon. Robbins's administrative error with reckless and gross-negligence, can be verified that extensive VA laws significantly prohibited the function of Grogan, a private lawyer, in execution of debt collection. These VA laws are:

§8.01-262.5(a): venue of collecting debt in where the property located (VA debt collection committed subject error).

§8.01-247 When action on contract governed by the law of another state or country barred in Virginia". (VA debt collection committed subject error, making Chien in double jeopardy risk, violating Amend V, because CT has consistently acted.)

§8.01-506C Motion Procedure required before initiation of VA Debt Interrogatories. False affidavit deserved punish of Class 1 of Misdemeanor. (*No motion existing, with false affidavit.*)

§8.01-507& 507.1   Commissioner in Chancery making report for sale (no report here).

§8.01-612: Arrest & Imprison punish solely by the Court. (*Here, there is no motion procedure for Chien's arrest and incarceration, no judge involvement. The arrest and incarceration were conspiracy*).

§8.01-507& 507.1   Commissioner in Chancery making report for sale or stock transfer.

24

§8.01-509:  Debtor property sale determined by the Court.

§8.01-609: Commissioner in Chancery follows Rules of Court.

 §8.01-617. §8.01-618.1; Commissioner in Chancery acted as receiver, must be assigned

by the Court, and his income must be approved by the Court. Here Grogan together with

Clark to steal the cash of CHBM from the bank with concealment to the court.

§18.2-174. Impersonating law-enforcement officer; penalty". Grogan offended by

impersonating as a judge on 05/07/2014 to issue order of incarceration for assets.

§18.2-7 Criminal act not to merge civil remedy.

§18.2-441 Giving bribes to, or receiving bribes by, commissioners

§18.2-456, §18.2-457, Court contempt with maximum $250 penalty or ten days imprison if

without jury-impaneled.

§ 19.2-5 Judge definition, not including Commissioner in Chancery.

§19.2-129, court contempt is sentence. There is no sentence procedure existing.

**Part 5. Defendants are Principals of Conspiracy of RICO in Three Subject Errors**

22. The Manual (p.34, *id*) showed conspiracy under 18USC§1951 and 18USC§2:

> "…For example, a conspiracy to violate the Hobbs Act, 18 U.S.C. §1951, is a RICO
> predicate[u] because Section 1951(a) expressly makes conspiracy a crime. On the other
> hand, a conspiracy to conduct an illegal gambling business under 18 U.S.C. § 1955
> cannot be a RICO predicate[ss] because 18 U.S.C. § 1955 does not expressly make such a
> conspiracy a crime. Because of the effect of 18 U.S.C. § 2, however, one who aids and
> abets the commission of a federal crime is treated as if he had committed the crime as a
> principal and can be charged under RICO if the crime is one set forth in Section
> 1961(1)(B)-(G).[36]"

[36] See, e.g., United States v. Shifman, 124 F.3d 31, 36 (1st Cir. 1997) ("aiding and
abetting one of the activities listed in Section 1961(1) as racketeering activities makes
one punishable as a principal and amounts to engaging in that racketeering activity"):

23. Although Freer at Clark wanted to retaliate Chien and make unjust enrichment, but they

didn't have authority doing so. Only Hon. Rockwell made the court fraud of subject-matter plus

adopted falsified evidence over Case CL.12-485, and consistently rejected to correct it which

give Freer at Clark the excuse of "legal authority" doing retaliation and unjust-enrichment.

The subject error committed by laws cf "28USC§157 (b)(5)"

"(b)… (5) The district court shall order that personal injury tort and wrongful death
claims shall be tried in the district court in which the bankruptcy case is pending, or in the
which district court in the district in which the claim arose, as determined by the district
court in the bankruptcy case is pending", and

28 USC § 1334 - Bankruptcy cases and proceedings
(a)Except as provided in subsection (b) of this section, the district courts shall have
original and exclusive jurisdiction of all cases under title 11
….
(c)(1) Except with respect to a case under chapter 15 of title 11, nothing in this section
prevents a district court in the interest of justice, or in the interest of comity with State
courts or respect for State law, from abstaining from hearing a particular proceeding
arising under title 11 or arising in or related to a case under title 11".

The subject error also detailed in evidence of CBI filed Reorganization Plan, which Hon.

Rockwell was well informed.

24. Chien is CT resident with no assets or property in VA. To ship the Commercial Assets

from CT to VA, committed subject error. For purpose of robbery and theft, Grogan without

authority, falsely imprisoned Chien for 1148 days, created 1148 times offenses of VA Code

"§18.2-59 Extortion of money, property or pecuniary benefit". Grogan conspired with Clark and

Freer, made money laundering; and usurped the authority of judges to issue over a dozen of

orders without motion procedure. These acts offended dozens of VA laws. But Grogan has been

supported by former Chief-Judge and current Chief-Judge Robbins, who were the principals of

conspiracy.

25. CHBM had no property and business in VA, not a resident of VA, not a party of

litigation. To change control of CHBM, committed subject error. Worthington certified the secret

02/18/2014 Order of Grogan as the court's order. Hughes and Robbins kept it intact, which

developed into the consequence of the current falsified corporation identity of VA-CHBM

replacing CHBM in SEC filings by Freer. The current conspiracy principals are. Hughes and

Robbins because the court certification by Worthington, is the root of corporation identity fraud.

Public traded stock is money instruments, no flaw is allowed in whole history of the issuance.

Any flaw of share issuance will cause to lose trust of capital market for this company

26. The judicial officers have personal liability for subject errors:

In Bradley v. Fisher, 80 US 335 – 351-352 Supreme Court 1872

"A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter. Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible."

In case United States v. Cotton, 535 US 625 (2002), Supreme Court states:

"*defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court*. See, e. g., Louisville & Nashville R.Co. v. Mottley, 211 U. S. 149 (1908)" (p.630) (emphases added).

In Ashelman v. Pope, 793 F. 2d 1072 - Court of Appeals, 9th Circuit (1986).

*To determine if the judge acted with jurisdiction, courts focus on whether the judge was acting clearly beyond the scope of subject matter jurisdiction in contrast to personal jurisdiction*. E.g., Dykes, 776 F.2d at 948-49; Green v. Maraio, 722 F.2d 1013, 1017 (2nd Cir.1983) (P.1076) (emphases added)

### Part 6. Aided Private Lawyers Offending 18USC §241& §242

27.VA Commissioner in Chancery is different with Delaware's Court of Chancery. The

latter is operated by the State employees without personal benefits tied with the cases, while the

former is private lawyers with personal income tied with the cases. In Chien's case, Grogan

freely used police force to incarcerate Chien for 38 months without approval by any judge. This

is offenses of "18USC §241 Conspiracy against rights"; and "18USC §242 Deprivation of rights

under color of law".

28. "False imprisonment is a form of trespass to the person, so it is not necessary to prove that it has caused actual damage. It is both a crime and a tort of strict liability" ("Overview: False Imprisonment". Oxford Reference. Oxford University Press. Archived from the original on 2017-11-07. Retrieved 6 November 2017.")

Here, the purpose of false imprisonment was, retaliation, secretly making false corporation identity, racketeering for money laundering, and block moving of Commercial Assets.

29. Debtor's professional belongings and commercial assets must be protected. Only debtor can get more income, debtor can pay more debt down, which is the benefits of the productivity of the whole society. Grogan wasted public resources to deprive of Chien's productivity for his personal income, is the fundamental corruption of the judicial system of Chesterfield Court. Currently, 45 million persons owned student loans. Every year, average half a million persons apply personal bankruptcy because of unpaid various loans.  If all creditors had adopted Grogan's method to use long-term false imprisonment to collect debt, US would have lost hundreds of billions of dollars of General Domestic Product every year. This is significant destructive of the society's economy, civilization, harmony and ethics. Hon. Robbins protected Grogan's acts of RICO, engaged reckless and gross-negligence of the court's administration.

**Part 7. Forged Stock Certificate Offended Unlawful Competition in Change of Control**

30. Anyone who wanted to replace Chien, to control CHBM, should follow Exchange Act of 1934 with transparency, engaging public business competition, for example making an ambition business plan, giving CHBM more prospectus, and bring more benefits to the company and shareholders, in other words, submitting a plan which will make the stock market appreciating the value of shares of CHBM, then Chien's shares would have high economic value to pay down more of the judgment debt.

Federal Trade Commission Act (FTC Act), 15 USC §41, has wide coverage. "15 USC Chapter 41—Consumer credit protection", plus "15USC Chapter 45 Unfair methods of

competition unlawful; prevention by Commission". The money penalty 15USC§45(m)(1)(C

specified $16,000 per day is cited from Chapter 45 for unfair and unlawful competition.

31. Using illegal incarceration then to make forged stock certificate for Freer with purpose

control CHBM, was destruction of the productivity of the society with significantly violation

15USC Chapter 45 Unfair methods of competition unlawful, also deserved money penalty c

$16000 per day if the government took action.

32. VA debt collection violated Fair Debt Collection Practices Act ("FDCPA"). Not only it

violated venue selection "15USC§1692 i (a)(1)"; but also, it abused the criminal system by

violating "15USC§1692.d(1)". This violation is serious. If the Government had taken action, i

should have *money penalty for the debt collector, of $16000 for every day* as mentioned in

Case: Jerman v Carlisle et al., 130 S.Ct. 1605,1609 (2010), US Supreme Court:

> "The Act is enforced through administrative action and private lawsuits. With some
> exceptions not relevant here, violations of the FDCPA are deemed to be unfair or deceptive
> acts or practices under the Federal Trade Commission Act (FTC Act), 15 U.S.C. § 41 et seq.,
> and are enforced by the Federal Trade Commission (FTC). See § 1692l. As a result, a debt
> collector who acts with "actual knowledge or knowledge fairly implied on the basis of
> objective circumstances that such act is [prohibited under the FDCPA]" is subject to civil
> penalties of up to $16,000 per day. §§ 45(m)(1)(A), (C); 74 Fed.Reg. 858 (2009) (amending
> 16 CFR § 1.98(d))."

Grogan isn't an employee of the VA State, not exempted by "15USC§1692a(6)(C)" as a debt

collector. In Case Pollice v. National Tax Funding, LP, 225 F. 3d 379, 406, Court of Appeals,

3rd Circuit in year 2000, held:

> "Section 1692a(6)(C) provides:
> The term ["debt collector"] does not include . . . (C) any officer or employee of the
> United States or any State to the extent that collecting or attempting to collect any debt is
> in the performance of his official duties.
> …. The exemption expressly is limited to "any officer or employee of the United States or
> any State."… *The exemption does not extend to those who are merely in a contractual
> relationship with the government*. See Brannan v. United Student Aid Funds, Inc., 94 F.3d
> 1260, 1263 (9th Cir. 1996)" (emphases added)

29

Although Chien's debt is judgment debt, not consumer debt, but Grogan and Clark are debt collectors, by 15USC§1692a(6)(C) defined debt collector who collected any debts. Therefore, Ms. Hughes and Hon. Robbin offended 18UAC§1962(b)&(c)&(d) current in support of Grogan.

## VI. Causes of Action

34. CHBM is in the process to recover the status of stock public trading. But as president, Chien's reputation is severely hurt by the illegal incarceration. As a public figure, the law required Chien to file every relative court case in a clearly way, regulated by:

> "17 CFR § 229.401 - (Item 401) Directors, executive officers, promoters and control persons.
> **(f)** *Involvement in certain legal proceedings.* Describe any of the following events that occurred during the past ten years and that are <u>material</u> to an evaluation of the ability or integrity of any director. person nominated to become a director or <u>executive officer</u> of the registrant:
>
> **(1)** A petition under the Federal bankruptcy laws or any state insolvency law ......
>
> **(2)** Such person was convicted in a criminal proceeding or is a named subject of a pending criminal proceeding (excluding traffic violations and *other minor offenses*);
>
> **(3)** Such person was *the subject of any order, judgment*, or decree, not subsequently reversed, suspended or vacated, of any court of competent jurisdiction. permanently or temporarily enjoining him from, or otherwise limiting, the following activities: ..." (emphases added)

Due to 17 CFR § 229.401(f)(1) and (f)(2), (f)(3), Chien's personal bankruptcy record during July to December of 2013; and Chien's incarceration history about 38 months under offense code "CON3210S9, and the active of CT debt collection with $2.6 million unpaid judgment debt, should be truly disclosed in the website of SEC, which regularly has tens of millions of reviews by investors. Due to the law, the jail record will become publicly widely accessible information which will cause public investors bias and prejudice at Chien, because investors want to invest safely, no one wants to invest in the company whose control person had criminal offense records. especially it is common legal knowledge that the inmate incarcerating more than 12 months, committed felony. Chien's innocent must have an official statement from Chesterfield Court.

(A) Because stock public trading is public affairs, then Chien is a public figure, and Chien's activities affected the value of the shares in stock market. For example, the incarceration caused Chien impossible to timely file 10-Ks of the annual financial statements for year 2013, 2014, and 2015, and caused Chien not generating revenue for CHBM in that period, and the embezzled cash of CHBM reduced the tangible value of CHBM etc., which described in later filed CHBM 10-K for year 2014 and 2015, with negative affection to public investors.

The jail records served false imprisonment, with actual malice against Chien's innocent, and created defamation to violate First Amendment of Constitution for a public figure.

(B) The jail records also violated due process of Amend XIV, because Chien is self-employed and the reputation damage directly affecting Chien's business for income and living. In case Hill v. Borough of Kutztown, 455 F. 3d 225, 236 - 3rd Circuit 2006

> "Courts have subsequently clarified, however, that "reputation *alone* is not an interest protected by the Due Process Clause." *Versarge v. Township of Clinton, New Jersey,* 984 F.2d 1359, 1371 (3d Cir. 1993) (citing *Paul v. Davis,* 424 U.S. 693, 701-712, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)) (emphasis added).[14] Rather, to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation *plus* deprivation of some additional right or interest. *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). *Accord, e.g., Siegert v. Gilley,* 500 U.S. 226, 233-234, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991)...... We have referred to this as the "stigma-plus" test. See, e.g., Graham, 402 F.3d at 142 n. 2; Ersek, 102 F.3d at 83 n. 5.

In Doe v. United States Dept. of Justice, 753 F. 2d 1092, 1106 - Court of Appeals, Dist. of Columbia Circuit: "emphasizing that government defamation accompanied by the loss of government employment would support a liberty interest claim." Therefore, the standard of violating due process, is negatively affecting the future income, which is applicable here.

35. Significant violation of "18USC §1513(e)".

"18USC §1513(e)" is added together with Sarbanes-Oxley Act 2002, also is Section 1107 of the Sarbanes-Oxley Act, which is special law to protect whistle-blower against financial fraud of

the corporation to deceive and cheating investors. Freer controlled CBI operation for about a dozen of year. Eventually CBI went into bankruptcy and liquidation, with share price dropped 99%. After enter Chapter 11, Freer continued to engage embezzlements together with Clark from CBI not only; but also used fabricated evidence in Chapter 11, in Chesterfield Court engaging blackmail against Chien. Not only his black mail succussed; but also caused Chien in jail for 38 months without any criminal procedure. This judicial misconduct for so -long time, is typical of RICO criminal case, which Chien asks compensation in civil RICO.

36. Allegations against Hon. Rockwell who committed subject error plus adopting the falsified evidence Exh, 27 in case CL.12-485 and consistently rejected Chien's motions to invalid his judgment.

(A) offenses of 18USC §1962(c)&(d) to aid Freer, Grogan and Clark to

(i) Count 1: interrupt the CBI's chapter 11 by embezzlement;

(ii) Count 2: retaliate Chien under 18USC§1513(e); making Chien having negative tangible assets of $2.6 million with over $427 increase for interest payment every day;

(iii) Count 3: aiding and abetting the block and obstruct the movement of Chien's Commercial Assets, and damaging the self-employed business; offense of 18USC §1951;

(vi) Count 4: to act as principal in going on conspiracy of CT debt collection.

(B) Count 5: offense of Amend XIV of due process to cause Chien suffered significantly property damage by making Chien having negative tangible assets of $2.6 million with over $427 increase for interest payment every day

(C) Count 6: Gross-negligence and reckless at two evidences (i) CBI filed Reorganization Plan to show the exclusive jurisdiction of Bankruptcy Court over Freer's compensation claim; (ii) Audited 10-K for year 2010 or 2011 which showed Freer in 2010 compensation was fully

32

paid.. Using Exh. 27 to overwrite CBI's audited financial statement, was ignorance of Sarbanes-Oxley Act of 2002, which built Public Company Accounting Oversight Board ("PCAOB") to charge the independent auditing to give more reliable of the financial information of CBI.

(D) Count 7: Hon. Rockwell intentionally protected the perjury of Freer and Clark made in Case CL 12-485 for concealment of Freer's embezzlement

37. Allegations against Hon. Robbins who inherited his precedent to support Grogan using false imprisonment to engage VA Debt Collection including subject error, interruption of interstate commerce, keeping false corporation identity, extortion and retaliation.

(A) Count 1: offenses of 18USC §1962(b) &(c)&(d)

Although, Hon. Robbins didn't directly involve activities of VA Debt Collection, but after he took the position, he inherited what his precent did. (i) offenses of 18USC §1962(b)&(d) to keep 2/18/2014 Order of Grogan as the court order, by violating 18USC §1028(a)(7) and 18USC §513(a); (ii) Hon. Robbins is the principal in current Freer's false corporation identity scam, even he doesn't know details of Freer's VA-CHBM; (iii) offenses of 18USC §1962(c)&(d) because he protected Grogan's offense of 18USC §1951 to block and obstruct of the movement of Commercial Assets now.

(B) Count 2: Offenses of gross-negligence and reckless in administration of the job of Commissioner in Chancery. After Hon. Robbin in his order dated 01/13/2021, and Case 3:21CV121, affirmed Grogan act to represent Chesterfield Court, he broke the bottom line of the law in followings: (i) to use any criminal mean to resolve civil dispute, is criminal act and civil right violation; (ii) any pro-longer incarceration without sentence, is humane right violation even in criminal case, needless to say civil case; (iii) rejected to execute a dozen of VA Laws to force Grogan writing reports or file motions in debt collection, or retune Commercial Assets.

33

(C) Count 3: Offense of First Amendment of Constitution, Hon. Robbin in his order dated 01/13/2021, denied Chien's request to correct the jail records.

(D) Count 4: Offense of due process of Amendment XIV. Hon. Robbin wanted to keep Chien's jail records no change, which will cause the Wall St. no longer having interests to invest in Chien's controlled public companies, which will damage Chien's income and property value.

38. Allegations against Clerk Ms. Hughes.

(A) Count 1: Offense of 18USC §1962 (b)&(d). To keep 2/18/2014 Order of Grogan as the court order, violating 18USC §1028(a)(7) and 18USC §513(a).

(B) Count 2: Offense of First Amendment of Constitution, Ms. Hughes in the process of Case 15-1569 and in Case 3:21CV121, rejected to correct Chien's untruth jail records,

(C) Count 3: Offense of due process of Amendment XIV, Ms. Hughes wanted to keep Chien's jail records no change, which will cause the Wall St. no longer having interests to invest in Chien's controlled public companies, which will damage Chien's income and property value.

39. Allegations against Sheriff Leonard.

(A) Count 1: Offense of 18USC §1962 (c)&(d)

Although, Sheriff Leonard didn't directly execute the robbery and theft of Commercial Assets, but he executed the illegal incarceration which was the critical factor to create the environment for robbery and theft. Although robbery and theft were one-time event, but the consequence of block of the movement of commercial assets, 18USC §1951, has been continuously going on. Especially, Sheriff Leonard didn't admit any wrong doing in Case 3:21cv121, and he offended 18USC §1962 (c)&(d).

(B) Count 2: Offense of First Amendment of Constitution, Sheriff Leonard in Case 3:21CV121, rejected to correct Chien's untruth jail records,

34

(C) Count 3: Offense of due process of Amendment XIV. Sheriff Leonard wanted to keep Chien's jail records no change, which will cause the Wall St. no longer having interests to invest in Chien's controlled public companies, which will damage Chien's income and property value.

## VII. Relief

40. Jury-trial required. Especially, this case is sued with 38 months of deprivation of liberty, plus money laundering and to block the movement of the Commercial Assets. Whether Chesterfield Court is enterprise of RICO, is the serious issue of concerns of VA residents. Jury trial will make transparency to recovery the trust of public with the judicial system.

41. Compensation damage for $700,000. Among them, Hon. Rockwell will have liability for $350,000; Hon. Robbins liable for $150,000; and Ms. Hughes for $100,000, and Leonard for $100,000; or determined by jury.

42.. Other costs such as legal procedure costs, witness costs etc., which this court considers proper.

Respectively submitted

Plaintiff: _A. Chien_
Andrew Chien
665 Ellsworth Avenue
New Haven, CT 06511
Tel: 203-5628899
Jcs23@yahoo.com