IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANDREW CHIEN,
                    Plaintiff,

v.                                                Civil Action No. 3:21cv501

HONORABLE EDWARD A.
ROBBINS, JR., et al.,
                    Defendant.

## OPINION

Andrew Chien, appearing *pro se*, has filed nearly twenty lawsuits over the last decade in

the United States District Court for the Eastern District of Virginia. For the most part, these

lawsuits arise from a judgment entered against Chien in Virginia state court in 2012 and his

subsequent incarceration for contempt. Courts in this District have dismissed the vast majority of

Chien's complaints as frivolous. For the reasons set forth below, this Court will grant Chesterfield

County Sheriff Karl S. Leonard's motion and impose a prefiling injunction on Chien. (ECF No.

17.)

## I. LITIGATION HISTORY

Since 2012, Chien has filed a litany of lawsuits against numerous perceived wrongdoers

"regarding a judgment entered against [Chien in Chesterfield County Circuit Court] for $1.6

million in 2012" ("the 2012 judgment").[1] (Civil Action No. 3:21cv501, ECF No. 10, at 1; *see also*

---

[1] For examples of Chien's litigation history, see *Chien v. LeClair*, No. 3:19cv814, 2020 U.S. Dist. LEXIS 87466 (E.D. Va. May 19, 2020); *Chien v. Hauler*, No. 3:19cv235, 2019 U.S. Dist. LEXIS 230458 (E.D. Va. Oct. 23, 2019), *aff'd* 801 F. App'x 189 (4th Cir. 2020); *Chien v. Motz*, No. 3:18cv106, 2019 U.S. Dist. LEXIS 13654 (E.D. Va. Jan. 28, 2019); *Chien v. O'Grady*, No. 1:18cv306, 2018 U.S. Dist. LEXIS 230681 (E.D. Va. July 6, 2018), *aff'd* 745 F. App'x 489 (4th Cir. 2018); *Chien v. Virginia*, No. 1:17cv677, 2018 U.S. Dist. LEXIS 36242 (E.D. Va. Mar. 5, 2018); *Chien v. Grogan*, No. 1:17cv358, 2017 U.S. Dist. LEXIS 123758 (E.D. Va. Aug. 3, 2017), *aff'd* 710 F. App'x. 600 (4th Cir. 2018); *Chien v. Grogan*, No. 1:16cv1470, 2017 U.S. Dist. LEXIS 42497 (E.D. Va. Mar. 23, 2017); *Chien v. Chesterfield County*, No. 1:13cv993, 2013 U.S. Dist. LEXIS 187315 (E.D. Va. Nov. 6, 2013); *Chien v. Commonwealth Biotechs., Inc.*, No. 11-

ECF No. 1, at 5.)  Through these lawsuits, Chien challenges the 2012 judgment, his subsequent incarceration for contempt, and the way courts have handled all the lawsuits that followed.

For example, in 2018, Chien sued United States District Judge Liam O'Grady alleging that Judge O'Grady violated Chien's civil rights and acted improperly by dismissing several of Chien's lawsuits relating to the 2012 judgment. *See O'Grady*, 2018 U.S. Dist. LEXIS 230681, *aff'd* 745 F. App'x 489.  Judge O'Grady dismissed Chien's lawsuit for failure to state a claim; the Fourth Circuit affirmed his ruling.  *Id.*  Similarly, in April 2021, Chien sued United States District Judge Henry Hudson alleging that Judge Hudson violated due process and acted with bias while presiding over separate cases arising from the 2012 judgment. (*See* Civil Action No. 3:21cv286, ECF No. 1.)  United States District Judge M. Hannah Lauck dismissed the April 2021 lawsuit as frivolous and for lacking jurisdiction.  (*Id.*, ECF No. 3.)

As recently as June 2021, this Court dismissed a lawsuit brought by Chien which also arose from the 2012 judgment ("the February 2021 lawsuit").  (*See* Civil Action No. 3:21cv121, ECF No. 25.)  This Court warned Chien of the possibility of Rule 11 sanctions for future frivolous filings.  (*Id.*, ECF No. 30.)

\*          \*          \*

On August 2, 2021, Chien filed the instant case against Chesterfield County's Sheriff Karl S. Leonard, Chesterfield County's Clerk of Court Wendy Hughes, and two Chesterfield Circuit Court judges: the Honorable Edward A. Robbins, Jr., and the Honorable Frederick G. Rockwell, III.[2]  As he has before, Chien alleges that the defendants violated the Racketeer Influenced and

---

30381, 2013 Bankr. LEXIS 2673 (Bankr. E.D. Va. July 1, 2013); *Chien v. Commonwealth Biotechs., Inc.*, 484 B.R. 659 (E.D. Va. 2012).

[2] Despite this Court's warning of Rule 11 sanctions, Chien brings the same claims in the instant case as he brought in the February 2021 lawsuit. (*Compare* Civil Action No. 3:21cv501,

Corrupt Organizations Act, the Fair Debt Collection Practices Act, the United States Constitution, and various federal and state criminal laws. The Court detailed Chien's factual allegations in the Memorandum Order dismissing Chien's February 2021 lawsuit. (*See* Civil Action No. 3:21cv121, ECF No. 25.) For the sake of brevity, the Court incorporates the "Facts" section of its Memorandum Order here.

On August 25, 2021, Leonard asked this Court to enter a prefiling injunction against Chien, deeming him a "serial filer of the first order." (Civil Action No. 3:21cv501, ECF No. 18, at 1.). On September 24, 2021, this Court directed Chien to file a statement addressing why the Court should not issue a prefiling injunction that requires him to receive prior authorization before filing new lawsuits (1) "stemming from his alleged illegal incarceration and the related state court proceedings"; or (2) against Judge Robbins, Judge Rockwell, Hughes, and Leonard. (*Id.*, ECF No. 31, at 2.) On October 27, 2021, Chien asserted that each case within his extensive litigation history asserts new claims of judicial misconduct, which he maintains are not frivolous. (*Id.*, ECF No. 38.)

The Court granted the defendants' motions to dismiss Chien's complaint for failure to state a claim and lack of jurisdiction. (*Id.*, ECF Nos. 9, 14, 21, 40.)

## II. LEGAL STANDARD

Federal courts possess "the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Armstrong v. Koury Corp.*, 211 F.3d 1264, 2000 WL 364126, at *1 (4th Cir. 2000) (quoting *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984)). Further, "[t]he All Writs Act, 28 U.S.C. § 1651(a),

---

ECF No. 1, at 6, *with* Civil Action No. 3:21cv121, ECF No. 1, at 17–18.) The form of relief Chien requests—monetary, not declaratory—marks the only difference between the February 2021 lawsuit and the instant case. (*See* Civil Action No. 3:21cv121, ECF No. 1, at 6.)

authorizes district courts to restrict access to federal courts of parties who repeatedly file frivolous litigation." *Armstrong v. Koury Corp.*, 16 F. Supp. 2d 616, 620 (M.D.N.C. 1998). Pursuant to this authority, federal courts may issue "prefiling injunctions where [the] conduct of litigants or potential litigants interferes with the fulfillment of Article III functions and responsibilities of the court." *Briggs v. Comfort Inn of Wash.*, 923 F.2d 847, 1991 WL 4656, at *1 (4th Cir. 1991).

Prefiling injunctions are an "extreme measure" and "should be used only in the most extreme circumstances." *Id.* Courts consider four factors in determining whether to impose a prefiling injunction:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004). The injunction "must be narrowly tailored to fit the specific circumstances at issue." *Id.* A narrowly tailored injunction "would address only filings in that or related actions." *Id.* at 819.

"Before enjoining the filing of further actions, however, the district court must afford the litigant notice and an opportunity to be heard." *Larrimore v. Williamson*, 288 F. App'x 62, 63 (4th Cir. 2008). To do so, courts typically issue an order to show cause why the plaintiff's complaint should not be "permanently enjoined from additional filings." *See Henderson v. Former City Sheriff of Richmond*, No. 3:16cv787, 2016 WL 6804882, at *1 (E.D. Va. Nov. 16, 2016).

### III. DISCUSSION

This Court has provided Chien with notice and an opportunity to be heard by ordering him, on September 24, 2021, to show cause as to why the Court should not issue a prefiling injunction. (Civil Action No. 3:21cv501, ECF No. 31.) The Order outlined the four *Cromer* factors and asked

4

Chien to address them in his response. (*Id.*, ECF No. 31, at 2.) On October 27, 2021, Chien responded to the Court's show cause Order with a filing titled "Fundamental Constitutional Rights of Substantive Due Process Can't Ignore." (*Id.*, ECF No. 38.) The Court has reviewed his response. Chien, therefore, received ample notice of the Court's intention to consider a prefiling injunction and an adequate opportunity to be heard on the issue.

### A. The Cromer Factors

Next, the Court turns to whether it will impose a prefiling injunction in this case. The *Cromer* factors guide this Court's consideration. *See Cromer,* 390 F.3d at 818.

### 1. History of Filing Vexatious, Harassing, or Duplicative Lawsuits

Courts generally find that plaintiffs have a "history of vexatious, harassing, or duplicative lawsuits," *id.*, when they initiate multiple new lawsuits that appear "frivolous and without merit" and "simply rehash claims that have already been disposed of on their merits," *Whitehead v. Viacom*, 233 F. Supp. 2d 715, 726 (D. Md. 2002). Footnote 1 lists only a portion of Chien's extensive litigation. Other lawsuits include:

| Case | Civil Action No. |
|---|---|
| *Chien v. Commonwealth Biotechnologies, Inc.* | No. 3:12cv900 |
| *Chien v. Commonwealth Biotechnologies, Inc.* | No. 3:13cv227 |
| *Chien v. Freer, et al.* | No. 3:13cv540 |
| *Chien v. Rockwell, III* | No. 1:14cv438 |
| *Chien v. Clark* | No. 1:14cv599 |
| *Chien v. Grogan* | No. 1:16cv496 |
| *Chien v. O'Grady* | No. 2:18cv138 |
| *Chien v. LeClair* | No. 3:19cv135 |
| *Chien v. Robbins* | No. 3:21cv121 |
| *Chien v. Hudson* | No. 3:21cv286 |

Accordingly, this Court finds Chien a vexatious litigant.

### 2. *Intent for Pursuing Litigation*

Courts generally find that litigants do not act in good faith when they are "inclined to repetitive and frivolous filings that constitute harassment rather than legitimate legal claims." *Wilkinson v. Wells Fargo Bank, N.A.*, No. 3:19cv580, 2021 WL 1166770, at *3 (W.D.N.C. Mar. 26, 2021).[3] In *Henderson v. County of Henrico Human Resources*, the court found that the *pro se* plaintiff lacked a good faith basis for pursuing litigation because although the court had placed him on notice "that his claims have never been supported by more than conclusory allegations and conjecture," the plaintiff "continue[d] to file essentially the same type of unsupported pleadings in each case." No. 3:11cv739, 2013 WL 871510, at *4 (E.D. Va. Mar. 8, 2013).

Here, despite this Court's warnings of sanctions in June 2021, Chien filed a new lawsuit just two months later asserting the same claims. Given Chien's extensive record of litigation and dismissals, this Court finds that Chien lacks a good faith basis in pursuing litigation.

### 3. *The Extent of the Burden on the Courts and Other Parties*

Courts also consider the burden that the plaintiff's litigation places on the courts and other parties.[4] In determining the extent of this burden, courts consider the number of pleadings and

---

[3] *See Smith v. Hayden*, No. 5:05cv884, 2009 WL 1543910, at *2 (S.D.W. Va. June 2, 2009) ("[B]ecause none of Plaintiff's claims have been found to have any merit by this Court, it is clear that he lacks a good faith basis for filing them and that the filings are merely intended to harass Defendants and burden the court.").

[4] *See Elliot v. Chairman of U.S. Merit Sys. Prot. Bd.*, No. 1:19cv1111, 2020 WL 973752, at *10 (E.D. Va. Jan. 17, 2020).

docket entries within the case and the amount of time courts and defendants spend dealing with the litigation.[5]

Over the past ten years, Chien's lawsuits have burdened judicial resources and numerous defendants. Just in 2021, Chien has initiated two lawsuits in this district against the defendants in this case.[6] As of the date of this Opinion, these suits account for seventy-eight docket entries.[7] For these reasons, this Court finds that Chien has significantly burdened both the court system and these four defendants.

### 4. *The Adequacy of Alternative Sanctions*

Finally, courts must consider "the adequacy of alternative sanctions." *Cromer*, 390 F.3d at 818. "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). For example, in *Miles v. Angelone*, the court issued a prefiling injunction, finding that:

> Petitioner's constant filing of lengthy pleadings and his inability to accept the finality of the March 2001 judgment warrants this injunction. Petitioner has been warned on several occasions to cease this behavior, but he continues to relitigate his frivolous claims. Judging from petitioner's behavior over the last six years, there is no indication that he will voluntarily stop his abusive filing. Therefore, a limited prefiling injunction is the only way to ensure this practice ends.

---

[5] *See, e.g., Miles v. Angelone*, 483 F. Supp. 2d 491, 496 (E.D. Va. 2007) (finding a burden on judicial resources where the "petitioner's case file consist[ed] of four volumes and exceed[ed] 140 pleadings"); *Tucker v. United States*, Nos. 2:09cr182, 2:15cv294, 2016 WL 9211728, at *3 (E.D. Va. July 26, 2016) (finding a prefiling injunction proper based on the burden the petitioner's docket, which exceeded 500 entries, imposed on the courts and defendants).

[6] (*See* Civil Action Nos. 3:21cv121; 3:21cv501); *see also Chien v. Virginia*, 2018 U.S. Dist. LEXIS 36242 (E.D. Va. Mar. 5, 2018) (against Judge Rockwell, Hughes, and Leonard).

[7] This total rises to nearly 225 after including the docket entries in *Chien v. Virginia*, 2018 U.S. Dist. LEXIS 36242.

483 F. Supp. 2d at 496. Similarly, in *Thurston v. Melton*, the court found that a monetary sanction of $500 would not deter the plaintiff from filing future lawsuits against the defendants because the plaintiff had shown "a consistent pattern of disregard for [the] [c]ourt's orders and admonitions ... [, and] he continued to file frivolous lawsuits despite numerous prior dismissals." No. 3:07cv36, 2008 WL 376260, at *6 (W.D. Va. Feb. 11, 2008).

Here, considering Chien's disregard of this Court's warning of potential Rule 11 sanctions, the Courts finds that only a prefiling injunction will deter Chien from continuing to file frivolous lawsuits.

### B. The Scope and Nature of the Prefiling Injunction

Having decided to impose a prefiling injunction in this case, the Court next considers the scope and nature of the prefiling injunction it will impose. In his motion, Leonard requests that the Court impose a prefiling injunction that requires

> any further complaints, pleadings, motions or other documents Chien seeks to file in this or any pending case, or any new case he seeks to file in any federal court, be reviewed by the appropriate judge to make a facial assessment of the validity before accepting the document for filing.

(ECF No. 18, at 3.) Leonard maintains that "[t]his [measure] will preserve Chien's access to the courts while protecting others from the pendency of any new frivolous lawsuits." (*Id.*)

Leonard's proposed injunction is likely too broad. A prefiling injunction "must be narrowly tailored to closely fit the specific vice encountered." *DeLong v. Hennessey,* 912 F.2d 1144, 1148 (9th Cir. 1990); *see also Brow v. Farrelly,* 994 F.2d 1027, 1039 (3d Cir. 1993) ("There is simply no support in the law permitting an injunction prohibiting a litigant from ever again filing a document in federal court." (quoting *In re Packer Ave. Assoc.*, 884 F.2d 745, 748 (3d Cir. 1989)). Accordingly, this Court finds that the following actions brought by Chien are subject to a prefiling injunction: lawsuits (1) challenging the 2012 judgment or the related state court proceedings; (2)

8

challenging Chien's roughly thirty-eight-month incarceration until June 2016 or the related state court proceedings; (2) alleging judicial misconduct arising from the 2012 judgment, Chien's thirty-eight-month incarceration, or state court proceedings or lawsuits Chien filed related to either the 2012 judgment or Chien's thirty-eight-month incarceration; and (3) against Judge Robbins, Judge Rockwell, Hughes, or Leonard.[8]

## IV. CONCLUSION

Given Chien's extensive history of meritless litigation within the United States District Court for the Eastern District of Virginia, this Court finds a prefiling injunction necessary to deter future abuse of the judicial system. Accordingly, the Court will grant Leonard's motion for a prefiling injunction. (ECF No. 17.)

Should Chien wish to appeal this Opinion, he must file a written notice of appeal with the Clerk of Court in the U.S. District Court for the Eastern District of Virginia within thirty (30) days of the date of entry hereof. Failure to file a notice of appeal within that period may result in the loss of the right to appeal.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to the *pro se* plaintiff and all counsel of record.

---

[8] *See Morning Star Baptist Church v. James City Cnty. Police*, 480 F. Supp. 2d 853, 862 (E.D. Va. 2007) (issuing a prefiling injunction whereby the plaintiff cannot file a further action in the United States District Court for the Eastern District of Virginia "regarding or arising out of his employment or termination of employment with Anheuser Busch" and cannot file additional actions against named parties "without first submitting to the Clerk of Court an 'Application for Leave to File Suit in Federal Court.'"); *Ruderer v. United States*, 462 F.2d 897, 899 (8th Cir. 1972) (affirming the district court's decision to prevent the plaintiff from relitigating specifically named issues through the issuance of a prefiling injunction); *Safir*, 792 F.2d at 25 ("modify[ing] [a prefiling] injunction to provide that [the plaintiff] is prevented only from commencing additional federal court actions relating in any ways to [the] defendants' pricing practices or merchant marine subsidies during the 1965–1966 period without first obtaining leave of the district court").

Date: _3 December 2021_
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

Digitally signed by
John Gibney
Date: 2021.12.03
13:26:14 -05'00'